[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The above three cases have been consolidated for purpose of trial because each case would require the same witnesses to testify and the receipt of identical documentary evidence. However, the cases were tried separately and in sequence with the understanding that the evidence received in each case would be material and relevant in all cases where appropriate.
The first of the three cases is Basil v. D'Amato et al.
70 12 97.
Victor Basile and and Edward J. D'Amato were doing business as a partnership known as Terry-Pat Associates. They had over a period of time entered into various real estate development construction ventures. Each of the partners had special talents. Mr. Basile was experienced in finding real estate, obtaining Planning and Zoning Approval and securing potential tenants and Mr. D'Amato was an experienced general contractor for site development and construction. After a period of time and after many and various joint ventures there was a serious falling out that required a breakup of the partnership. After extended negotiations, both parties being represented by competent council, the parties agreed by virtue of a written settlement agreement to divide the various holdings of the partnership property. Adjustments were made for each parcel. Accountings were conducted so that each of the parties were to also receive have and control security CT Page 8530 deposits for the tenant in the building or structure conveyed to that individual partner.
The partnership was conducted in such a way that the individual partner did not take a salary or profit for what they did in their expertise but all such gains were delayed and taken as partnership profit. For example, Basile took no compensation for finding the land etc. nor did D'Amato whose corporation did the building take a profit individually or corporation for the actual building of the same. The corporation charged out for material and labor cost with certain amount also charged for overhead expenses of the corporation.
Terry Pat Assoc. entered into an agreement with Bristol Hospital to build a health care facility on a portion of land owned by Terry Pat Assoc. As part of the agreement the Hospital had the right to hold back 10% as retainage until some future point in the contract as security for completion of the entire contract. At the time of split between the partners D'Amato and Basile it was agreed that the retainage representing that money kept as architectural, engineering and other monies paid for non construction purposes if received by D'Amato be turned over to the partnership. The D'Amato Construction Co. was to retain and keep for its own use that retainage paid over to it that represented retainage withheld for actual construction. There is a letter in evidence from counsel representing the defendant D'Amato that the sum of $78,030.50 representing non-construction retainage was received by the defendant D'Amato. It was not turned over to the Terry Pat partnership. If it had it would be distributed to the two partners in equal sum. Accordingly, the court finds that as to this matter the issues are found for the plaintiff Basile as against the defendant D'Amato individually and the court awards 1/2 of $78,030.50 or 39,015.25 plus interest thereon from the date of the aforesaid letter at the statutory rate to the plaintiff.
Sometime in 1987 a partnership was formed involving Robert J. Andrews, Robert J. Andrews Inc., Victor Basile and defendant Edward A. D'Amato. The partnership was known as Oakhill Associates. In October 87 the partnership entered into an oral agreement for the defendant Corporation, D'Amato Const. Co. to develop a site and construct a building thereon. The arrangement was similar to the prior scenario. The Corporation builder/developer was not to make a profit but only be compensated for its cost of labor and material plus a proportion of its overhead. Any profit was to be realized by Edward A. D'Amato only as a partner in Overhill. A proposal was prepared by the Corporate builder for $650,000. That CT Page 8531 proposal in turn was filed by the partnership with a bank for purposes of obtaining a construction mortgage.
The proposed $650,000 cost was broken down into cost for site development $500,000; building $150,000. The site was being developed in contemplation that there would be future additional development. A construction mortgage was obtained for $750,000.
There is no dispute as to the cost of construction for the building in the amount of $150,000.
Plaintiff complains that the cost of the site development was excessive and, that there was a failure to minimize the cost.
The plaintiff claims a breach of contract, negligent and careless performance of the contract, breach of fiduciary duty, lack of loyalty to the partnership and unfair trade practice. The defendants were experienced builders. The court believes that the Oakhill partners relied upon the defendant's expertise. The court believes, he and it knew its business, knew what and when the cost and price here were right, knew who was a quality, dependable and reliable sub contractors. There is no proof that the product of the labor was not done well or is defective but only that there was too much charged. An expert witness was called to testify concerning the reasonable cost of developing the subject site in accordance with the site plan. The witness was both qualified and credible. However, his testimony was limited to what he could see as performed on the site itself and the site plan itself. His opinion was that the reasonable cost would and have been $208,000.00. He testified that he had built into this figure a 19% profit.
The defendants' answer with equally credible evidence that other work was done not shown on the site plan. Changes were required etc. Without specifically listing the itemized cost of same as testified to by job superintendent, the total of them added to the figure as testified to by the plaintiff expert, is reasonably within the realm of that amount charged by the corporation of $298,000.00 plus or minus. The burden of proof rest with the plaintiff. The plaintiff has failed to carry the burden on any of the theories of liability set forth in its complaint. Accordingly on the matter of Oakhill Assoc. vs. Edward D'Amato et al. judgment is for the defendant as against the plaintiff.
As to the so called third case (# ___ v. ___) the court finds that:
(A) The plaintiff has satisfied his burden as to the escrow CT Page 8532 agreement. Judgment for the plaintiff Basile for 5,597.01. The court is unable to determine from the evidence when, in what amount payment was due to Basile. Accordingly the court is unable to determine what if any interest is due. The court will find that any interest earned by Escrow Agent on said monies after demand and satisfaction of Paragraph #5 of the Escrow Agreement (PL Ex #19) if any on said $5,597.01 should be paid over to plaintiff in addition to said sum.
(B) The plaintiff has satisfied his burden regarding his right to the Terry Driscoll insurance rebate for 1/2 of $6750.00 or $3375.00. The court will award $800.00 in interest on this past due sum for a total of $4175.00.
(C) The plaintiff did not sustain the burden as to the claim that there was unfinished work to be done at Lafayette Plaza that he was not aware of and was not disclosed to him. The evidence discloses a long and deep feud by and between D'Amato and Basile. Each was represented by council. A division of the various properties was made. Each knew the properties and were bargaining. The fact that this particular parcel did not have an unconditional certificate of occupancy (CO) was not information that one would not know about, especially one with the qualifications and experience of Mr. Basile. This court does not believe that Basile did know of this fact nor does this court believe that D'Amato was hiding the fact and failed to disclose in breach of any duty to do so.
(D) The claim arising out of Royal Estate is withdrawn by the plaintiff.
(E) The plaintiff concedes that he has failed to carry the burden to establish a right of recovery against the defendant arising out of the claimed pollutants under the surface of parcel 4C. The court concurs. Judgment is for the defendant on this issue.
(F) The partners agrees that the plaintiff is entitled to judgment for $5118.75 on the J S Metal Security Deposit of $10,237.50. When D'Amato took ownership of Acme Building he assumed possession and control of the full Security deposit of J S Metal of $10,237.50. Proper Adjustment entitles Basile to 1/2 of that sum, being $5118.75. Judgment enters accordingly.
JOHN F. WALSH, JUDGE